

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th Floor*   (973) 645-2700
*Newark, New Jersey 07102*

September 2, 2024

Frank Arleo, Esq.
Arleo & Donohue, LLC
622 Eagle Rock Avenue
West Orange, NJ 07052

   Re: <u>Plea Agreement with Andrew Blum</u>

Dear Mr. Arleo:

  This letter sets forth the plea agreement between your client, Andrew Blum ("BLUM"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on September 6, 2024 if it is not accepted in writing by that date. If BLUM does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

  Conditioned on the understandings specified below, this Office will accept a guilty plea from BLUM to a two-count Information which charges him with: (1) conspiracy to possess trade secrets, in violation of 18 U.S.C. § 1832(a)(5) (Count One); and possession of trade secrets, in violation of 18 U.S.C. § 1832(a)(3) (Count Two). If BLUM enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against BLUM for the misappropriation of trade secrets, and conspiring to misappropriate trade secrets, between in or around July 2018 through in or around August 2019.

  But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against BLUM even if the applicable statute of limitations period for those charges expires after BLUM signs this agreement, and BLUM agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1835(a)(5) charged in Count One of the Information to which BLUM agrees to plead guilty carries a statutory maximum sentence of 10 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offenses, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offenses.

The violation of 18 U.S.C. § 1835(a)(3) charged in Count Two of the Information to which BLUM agrees to plead guilty carries a statutory maximum sentence of 10 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offenses, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offenses.

The sentences imposed on Count One and Count Two may run consecutively to each other or to any other sentence BLUM is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon BLUM is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence BLUM ultimately will receive.

Further, in addition to imposing any other penalty on BLUM, the sentencing judge as part of the sentence:

(1) will order BLUM to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order BLUM to pay restitution pursuant to 18 U.S.C. § 3663A *et seq.*;

(3) must order forfeiture pursuant to 18 U.S.C. §§ 1384 and 2323;

(4) pursuant to 18 U.S.C. § 3583, may require BLUM to serve a term of supervised release of not more than 3 years on Count One and Count Two, which terms will begin at the expiration of any term of

imprisonment imposed. Should BLUM be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, BLUM may be sentenced to not more than 2 years' imprisonment on Count One and Count Two, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, BLUM agrees to pay full restitution to the victim of the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses in an amount that fully compensates the victim for the losses sustained as a result of those offenses.

Forfeiture

As part of BLUM's acceptance of responsibility, BLUM agrees to forfeit to the United States, pursuant to 18 U.S.C. §§ 1834 and 2323, all right, title, and interest in (A) any article, the making or trafficking of which is prohibited under 18 U.S.C. § 1832; (B) any property used, or intended to be used, in any matter or part to commit or facilitate the commission of both of the offenses alleged in Counts One and Two of the Information; and (C) any property constituting or derived from proceeds obtained directly or indirectly as a result of the commission of both of the offenses charged in Count One and Count Two of the Information. Additionally, and further as part of BLUM's acceptance of responsibility, BLUM agrees to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and property, real or personal, which constitutes or is derived from proceeds traceable to the offenses alleged in Counts One and Two of the Information.

BLUM waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. BLUM understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise BLUM of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. BLUM waives all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. BLUM further understands that BLUM has no right to demand that any forfeiture of BLUM's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon BLUM in addition to forfeiture.

BLUM further agrees that, not later than the date BLUM enters a guilty plea, BLUM will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If BLUM fails to do so, or if this Office determines that BLUM has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on BLUM by the sentencing judge.  This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of BLUM's activities and relevant conduct with respect to this case.

Stipulations

This Office and BLUM will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and BLUM waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

BLUM understands that, if BLUM is not a citizen of the United States, BLUM's guilty plea to the charged offenses will likely result in BLUM being subject to immigration proceedings and removed from the United States by making BLUM deportable, excludable, or inadmissible, or ending BLUM's naturalization. BLUM understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. BLUM wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause BLUM's removal from the United States. BLUM understands that BLUM is bound by this guilty plea regardless of any immigration consequences. Accordingly, BLUM waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. BLUM also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against BLUM. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against BLUM.

No provision of this agreement shall preclude BLUM from pursuing in an appropriate forum, when permitted by law, a claim that BLUM received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between BLUM and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: BENJAMIN LEVIN
Assistant U.S. Attorney

APPROVED:

JOSHUA L. HABER
Deputy Chief, Criminal Division

I have received this letter from my attorney, Frank Arleo, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 9/3/24
Andrew Blum


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 9/1/24
Frank Arleo, Esq.

- 7 -

Plea Agreement with Andrew Blum

Schedule A

1. This Office and Andrew Blum ("BLUM") agree to stipulate to the following facts:

   a. On or about July 31, 2018, BLUM's co-conspirator ("Co-Conspirator-1") utilized a personal email account to email approximately 82 formulas belonging to BLUM's employer (the "Victim Company") to a personal email account belonging to BLUM. The formulas were considered to be trade secrets by the Victim Company.

   b. On or about August 30, 2018, BLUM sent an email to Company-1, one of the Victim Company's competitors, about leaving the Victim Company to join Company-1.

   c. On or about October 19, 2018, BLUM sent an email to Company-2, another one of the Victim Company's competitors, about leaving the Victim Company to join Company-2. In an email to Company-2, BLUM shared a proposed business plan with Company-2.

   d. On or about October 29, 2018, BLUM sent an email to Co-Conspirator-1 with a document titled: "Revised plan for working with Company-3." Company-3 was another one of the Victim Company's competitors.

   e. Between in or about April 2019 and in or around August 2019, BLUM possessed trade secrets consisting of formulas belonging to the Victim Company, knowing that the formulas were misappropriated.

   f. Each of the above-referenced formulas that BLUM possessed were related to products and services used in and intended for use in interstate or foreign commerce.

2. The parties agree that a sentence of one year of probation (the "Stipulated Sentence") is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a). The parties recognize, however, that the Stipulated Sentence will not bind the District Court. The parties agree not to seek any sentence outside the Stipulated Sentence.

3. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

      4. If the District Court imposes the Stipulated Sentence:

         a.    This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

         b.    BLUM will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(1) or (2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

         c.    These waiver provisions, however, do not apply to:

    i. Any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for BLUM's offense of conviction;

    ii. Any proceeding to revoke the term of supervised release;

    iii. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or

    iv. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

      5. Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.